AUSA:    Matthew Roth                Telephone:  (313) 226-6186
AO 91 (Rev. 11/11)   Criminal Complaint          Special Agent:    Sherri Reynolds, ATF      Telephone:  (313) 202-3400

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

United States of America
   v.

Maurice Robinson Jr.

Case No.

Case: 2:24−mj−30319
Assigned To : Unassigned
Assign. Date : 8/1/2024
USA V. SEALED (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 26, 2024 _____ in the county of _____ Wayne _____ in the
_____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Posession of a Firearm and/or Ammunition |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sherri Reynolds, ATF Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date:  August 1, 2024

City and state:  Detroit,MI

_____
*Judge's signature*

Hon. Kimberly G. Altman, U.S. Magistrate Judge
_____
*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>

I, Sherri Reynolds being duly sworn, hereby state the following:

## I.    INTRODUCTION AND AGENT BACKGROUND

1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and have been so employed since December of 2009. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving illegal firearms possession, and firearms trafficking. Throughout my career, I have investigated or have been involved in hundreds of investigations into felons in possession of firearms.

2.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, informants, and witnesses. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all facts known to law enforcement related to this investigation.

3.     This affidavit is made in support of a criminal complaint charging Maurice ROBINSON JR. (date of birth xx-xx-2005) with possession of a firearm and/or ammunition in violation of Title 18 U.S.C. § 922(g)(1).

## II.     SUMMARY OF THE INVESTIGATION

4.     On July 26, 2024, Detroit Police Department (DPD) officers were on patrol in a marked unit in the area of 7 Mile Road and Cardoni Street, Detroit, Eastern District of Michigan. As the officers passed a Valero gas station, they recognized two individuals walking through the Valero's parking lot. Both individuals, Maurice ROBINSON and Greg Mathis, were known to possess firearms.

5.     When the officers drove past, ROBINSON and Mathis looked in the direction of the marked unit. Greenlight video recorded both men watching the DPD cruiser drive past the gas station. Further, the Greenlight camera recorded them walk faster, through the gas station, after watching the police drive past. As the marked unit drove by, the officers observed ROBINSON appear to make a motion consistent with moving an object from the lower portion of his body to the top part of his body.

6.     Based on a police encounter with ROBINSON, on March 8, 2024, the DPD officers were aware that ROBINSON previously secreted a firearm in the upper portion of his body. See section III(A) below. Upon observing ROBINSON's nervous gaze and the arm movement to the upper part of his body, the officers turned their vehicle around, stopped, and made contact with ROBINSON.

7.     Greenlight video from the gas station recorded ROBINSON swinging his right arm as he walked past the gas pumps. However, his left arm was not moving. ROBINSON kept his left arm held against the side of his body. As the officers quickly drove eastbound on Seven Mile Road, back toward the Valero, ROBINSON walked to where the Valero driveway met the sidewalk. ROBINSON's left arm remained straight when law enforcement made contact with him at the sidewalk.

8.     Officers asked ROBINSON if he had any weapons. ROBINSON lifted his shirt half way up, while keeping his arms stiff by his sides. He responded, "I don't got no gun." Officers found his posture consistent with an attempt to conceal something on his upper body. The officers conducted a pat down for officer safety and located a firearm under ROBINSON's left arm, in the area of his armpit. The firearm was

identified as a Jimenez Arms, .380 caliber pistol. Maurice ROBINSON was arrested.

9.     On July 31, 2024, ATF Special Agent Shannon Richardson, who is an Interstate Nexus Expert, was contacted regarding the Jimenez Arms, .380 caliber pistol. She indicated that the pistol was not manufactured in Michigan and therefore it affected interstate commerce.

10.     A review of the criminal history for ROBINSON revealed, on June 17, 2024, he pleaded guilty to Felony Carrying a Concealed Weapon in the Third Judicial Circuit Court, Wayne County.

11.     Based on my training and experience, when an individual pleads guilty, the court will advise him of the penalty and that the plea will result in a felony conviction. The penalty, in Michigan, for Carrying a Concealed Weapon is up to five years. Therefore, at the time ROBINSON possessed the Jimenez Arms, .380 caliber pistol, probable cause exists that he knew he was a felon and/or convicted of a crime punishable by more than one year.

### III.   ROBINSON's PRIOR CONTACT WITH LAW ENFORCEMENT

A.   <u>On March 8, 2024, ROBINSON was caught with a firearm in a coat pocket located in the upper chest area</u>.

12.   On March 8, 2024, DPD observed a vehicle idling on the side of the road. Officers observed ROBINSON walk up to the vehicle and lean into the passenger side window. A check of the license plate revealed that the vehicle was uninsured. DPD effectuated a traffic stop. The officers recognized ROBINSON; he fled from the officers during a prior investigation on March 1, 2024. The officer advised ROBINSON that they recognized him from their previous encounter.

13.   As DPD approached the vehicle, ROBINSON fled to a vacant residence. ROBINSON was apprehended after a foot chase one tenth of a mile from the Valero gas station where he was arrested on July 26, 2024. ROBINSON had an outstanding warrant out of the 36th District Court, Detroit. DPD transported ROBINSON to the Detroit Detention Center (DDC).

14.   ROBINSON was searched at the DDC. The search revealed a firearm in the right breast pocket of his coat. The firearm had an extended magazine with live rounds. There was also a live round in the chamber.

     B.    <u>On June 15, 2024, ROBINSON was involved in a non-fatal shooting</u>.

15.    On June 15, 2024, an individual was driving when they passed ROBINSON, who was on foot. ROBINSON then shot at the individual's vehicle. Neither the individual or their vehicle were struck. The individual identified ROBINSON as the shooter.

## IV.   CONCLUSION

16.    Probable cause exists that Maurice ROBINSON, in the Eastern District of Michigan, was a convicted felon when he possessed a firearm and/or ammunition on July 26, 2024, in violation of Title 18 U.S.C § 922(g)(1).

Respectfully Submitted,

Sherri Reynolds
ATF Special Agent

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Kimberly G. Altman
United States Magistrate Judge

Date:  August 1, 2024